**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**CHARLES R. SMITH**                                                            **PLAINTIFF**

**v.**                                          **Case No. 3:18-cv-00058-KGB**

**BNSF RAILWAY COMPANY**                                         **DEFENDANT**

## ORDER

Before the Court is plaintiff Charles R. Smith's motion to compel Rule 30(b)(6) deposition, to strike objections, to produce documents, to answer discovery, and for sanctions filed against defendant BNSF Railway Company ("BNSF") (Dkt. No. 23). BNSF responded in opposition to the motion, and Mr. Smith filed a reply (Dkt. Nos. 25, 29). Also before the Court is BNSF's motion for protective order regarding plaintiff's notice of 30(b)(6) deposition and document requests (Dkt. No. 26). Mr. Smith responded in opposition to the motion for protective order (Dkt. No. 30). For the following reasons, the Court grants, in part, and denies, in part, Mr. Smith's motion to compel and BNSF's motion for protective order (Dkt. Nos. 23, 26).

### I.      Legal Standard

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

In resisting otherwise relevant discovery, "the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting

party shows good cause . . . ."  Fed. R. Civ. P. 26(b)(2)(B).  When weighing the proportionality of the discovery to the needs of the case, courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

The Court understands that Mr. Smith has now been deposed by BNSF but that the discovery disputes regarding a Rule 30(b)(6) deposition of a BNSF representative persist (Dkt. No. 26-1, at 4).  With this Order, the Court directs the parties to confer regarding a reasonable date and time for supplementing responses to discovery requests, where directed by this Order, and for scheduling the Rule 30(b)(6) deposition.  The Court makes the following determinations.

## II.     Interrogatories

Mr. Smith moves to compel BNSF to withdraw its objections and to answer fully Interrogatory No. 4 (Dkt. No. 23-1, at 3-4).  This is the only interrogatory the Court understands to be in dispute.

### Interrogatory No. 4

The discovery request propounded by Mr. Smith and objections, answer, and supplemental answer by BNSF are:

> 4.      If Defendant communicated any warning or instruction to Plaintiff about the operation, installation and/or otherwise handling of multi-use ("MU") cables, MU receptacles and/or related equipment, (including but not limited to the installation of an MU cable into locomotive BNSF 2885 near the Harvard Yard), describe in detail and to the best of Defendant's ability to content of such warning or instruction, and the name or names of the person(s) who communicated the warning to Plaintiff.

> ANSWER:  BNSF objects to this interrogatory as overly broad; it is not limited to a relevant and reasonable time period, not sufficiently limited in scope as to "related equipment."  BNSF further objects to the term "warning" on the grounds it is argumentative, and therefore, vague and ambiguous.  BNSF also objects on the

grounds the request is vague and ambiguous as to what is mean by "otherwise handling."  For these reasons, the interrogatory also seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, BNSF responds by referring Plaintiff to the documents produced by BNSF in response to Plaintiff's Request for Production No. 8 and its response to Plaintiff's Request for Production No. 27.

SUPPLEMENTAL ANSWER:   See additional documents produced herewith concerning New Hire Conductor Training (collectively, # 001161 [folder on USB drive]), which may contain responsive information.

(Dkt. No. 23-7, at 3-4).

The Court overrules BNSF's objection as to the time period of Interrogatory No. 4.  BNSF clearly has produced some documents responsive to Interrogatory No. 4, but BNSF has not identified the time period for which it produced documents or whether BNSF limited the time period for its response to Interrogatory No. 4, if it in fact did so.  At this stage, the Court overrules BNSF's proportionality objection because BNSF has put forth no information or record evidence to assist the Court in making a determination regarding proportionality, including but not limited to information or evidence with respect to the cost in dollars and time of responding to such a request.  To the extent BNSF withheld information or documents responsive to Interrogatory No. 4 on the basis of this objection, the Court directs BNSF to supplement further its response to Interrogatory No. 4 in accord with this ruling.

The Court overrules BNSF's objection to the term "warning."   To the extent BNSF withheld information or documents responsive to Interrogatory No. 4 on the basis of this objection, the Court directs BNSF to supplement further its response to Interrogatory No. 4 in accord with this ruling.

The Court sustains BNSF's objection to the phrase "otherwise handling."

Further, by referring Mr. Smith to documents, if BNSF has not responded fully to Interrogatory No. 4 by, for example, providing the name or names of persons who communicated the warning to Mr. Smith, the Court directs BNSF to do so.

### III.     Rule 30(b)(6) Notice

The Court concludes that the process of accompanying a Rule 30(b)(6) notice with document requests is proper under the Federal Rules of Civil Procedure.  Per Rule 30(b)(2), "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."  Rule 34, in turn, provides that the party to whom a document request is directed "must respond in writing within 30 days after being served."  Fed. R. Civ. P. 34(b)(2)(A).

### A.     Timeliness Of Objections

Mr. Smith asserts that he served BNSF with the Rule 30(b)(6) notice and accompanying document requests on December 12, 2018, and that BNSF did not submit written objections to the topics until February 4, 2019, and filed a motion for protective order on February 26, 2019 (Dkt. No. 30, at 2).  The representations made by counsel for both parties, and the correspondence submitted with the filings in this case, convince the Court that counsel endeavored to work in good faith to resolve their differences with respect to the Rule 30(b)(6) notice and accompanying documents requests from the date of service to February 4, 2019.  At a minimum, the communication among counsel on December 27, 2018, evinces an intent by BNSF to obtain more time to review the notice, which this Court understands to include the topics and requests for documents (Dkt. Nos. 23-1, at 3; 23-1, Ex. 2, at 4).  Under these circumstances, the Court declines to find that BNSF waived any and all objections to the Rule 30(b)(6) notice and accompanying

document requests.  The Court denies Mr. Smith's motion to compel to the extent it advances this argument.

### B.      Objections

The Court will address each topic of the Rule 30(b)(6) notice and accompanying document requests that the Court understands are in dispute.

### Topic 1

Topic 1 is "[d]efendant's responsibility to provide Plaintiff with a reasonably safe work place, reasonably safe work conditions and equipment at the time of the incident." (Dkt. No. 26-1, at 8).  Mr. Smith has agreed to revise this request to "What actions Defendants took to provide Plaintiff with a reasonably safe work place, reasonably safe work conditions and equipment at the time of the incident." (Dkt. No. 30, at 9).  The Court limits any revised Topic 1 to the TY&E craft. To the extent BNSF maintains its objections or asserts new objections to revised Topic 1 that are not able to be resolved among counsel for the parties, Mr. Smith or BNSF may file a motion with the Court raising such issues.

### Topic 2

BNSF seeks further clarification of the term "investigations" with respect to Topic 2.  It is unclear to what extent BNSF relied on this objection to withhold information or documents. BNSF claims work product or attorney-client privilege over certain matters, but the Court is not aware of any privilege log produced by BNSF in this litigation.  To the extent BNSF asserts work product or attorney-client privilege as a basis for refusing to produce otherwise responsive documents, the Court directs BNSF to produce a privilege log.

BNSF further states that, under the applicable Collective Bargaining Agreement, no discipline was assessed against Mr. Smith relating to the alleged incident.  However, BNSF has

produced in discovery documents and information related to "a factual investigation post-incident done in follow up and response to Plaintiff's report of the alleged incident, done in the ordinary course of business. . . ." (Dkt. No. 26-1, at 9).  To the extent BNSF has withheld responsive information or documents that it does not claim are protected by the work product or attorney-client privilege, the Court overrules BNSF's objection to the term "investigations" and directs BNSF to produce the responsive information and documents.

**<u>Topic 3</u>**

The Court directs BNSF to respond to Topic 3 with respect to the request for information and documents 30 days before the subject incident, as the Court does not understand BNSF to have objected to that portion of the request.

To the extent BNSF objects to Topic 3 with respect to the request for information and documents up to 30 days after the subject incident, time limitations, which appear in several Rule 30(b)(6) notice topics, was the subject of counsels' discussions.  Counsel for Mr. Smith asserted in correspondence that the time limitations selected "were not arbitrary" and that "case law is clear that evidence of subsequent complaints, warnings, defects, etc., is relevant [and ultimately admissible] to show causation.  To the extent your client objects to these limitations set forth in our discovery, please confirm, subject to what time period, it is willing to produce.  Then, we can assess whether we have to file a motion to compel." (Dkt. No. 23-3, at 4).  The Court is unaware of any follow-up discussions or any response by BNSF as to a time period after the incident for which it is willing to produce information and documents or with respect to Mr. Smith's contention regarding this type of evidence.

The Court agrees that, under certain defined circumstances, evidence of subsequent remedial measures may be admissible in a FELA case for certain purposes.  *See Cowden v. BNSF*

*Ry. Co.*, 980 F. Supp. 2d 1106 (E.D. Mo. 2013) (examining this issue based on controlling law). Further, there is legal authority that the "substantially similar" requirement for admissibility of evidence is restricted to accidents, not conditions. *See Id.* at *4-5 (examining this distinction). For these reasons, the Court overrules BNSF's objection and directs BNSF to respond to the request for information and documents for a period of 30 days after the subject incident.

**Topic 4**

The Court sustains BNSF's objection to the phrase "and/or related equipment" as unduly vague. The Court notes that there is correspondence before the Court in which counsel for Mr. Smith communicates with counsel for BNSF: "[p]er our discussion, we clarified what the term 'related equipment' means. Accordingly, you have agreed to supplement with answers/responses to the matters. . . ." (Dkt. No. 23-3, at 5). The Court has no further information with respect to this clarification; as a result, the Court sustains BNSF's objection to the phrase as written.

The Court directs BNSF to respond to Topic 4 with respect to the request for documents three years before the subject incident with respect to MU cables and MU receptacles. At this stage, the Court overrules BNSF's proportionality objection because BNSF has put forth no information or record evidence to assist the Court in making a determination regarding proportionality, including but not limited to information or evidence with respect to the cost in dollars and time of responding to such a request.

To the extent BNSF objects to Topic 4 with respect to the request for documents up to three years after the subject incident, the Court overrules BNSF's objection for the reasons explained in this Court's Order with respect to subsequent remedial measures and conditions.

**Topic 5**

The Court sustains BNSF's objection to the phrase "and/or related equipment" as unduly vague.  The Court notes that there is correspondence before the Court in which counsel for Mr. Smith communicates with counsel for BNSF:  "[p]er our discussion, we clarified what the term 'related equipment' means.  Accordingly, you have agreed to supplement with answers/responses to the matters. . . ." (Dkt. No. 23-3, at 5).  Further, Mr. Smith represents in his filings that he believed counsel resolved this issue (Dkt. No. 30, at 10).  The Court has no further information with respect to this clarification; as a result, the Court sustains BNSF's objection to the phrase as written.  The Court directs BNSF to respond to the remaining portion of the request with respect to MU cables and MU receptacles.

**Topic 6**

The Court overrules BNSF's objection as to the period of three years prior to the incident through the date of the incident with respect to information and documents regarding reports of injuries by BNSF's employees associated with operating, installing, or otherwise using MU cables and MU receptacles.  At this stage, the Court overrules BNSF's proportionality objection because BNSF has put forth no information or record evidence to assist the Court in making a determination regarding proportionality, including but not limited to information or evidence with respect to the cost in dollars and time of responding to such a request.

To the extent BNSF objects to producing relevant information and documents for the period immediately following the incident to the present, the Court overrules BNSF's objection for the reasons explained in this Court's Order with respect to subsequent remedial measures and conditions. At this stage, the Court overrules any proportionality objection with respect to responding to this time period because BNSF has put forth no information or record evidence to

assist the Court in making a determination regarding proportionality, including but not limited to information or evidence with respect to the cost in dollars and time of responding to such a request.

The Court sustains BNSF's objection to the phrase "and/or related equipment" as unduly vague.  The Court notes that there is correspondence before the Court in which counsel for Mr. Smith communicates with counsel for BNSF:  "[p]er our discussion, we clarified what the term 'related equipment' means.  Accordingly, you have agreed to supplement with answers/responses to the matters. . . ." (Dkt. No. 23-3, at 5).  Further, Mr. Smith represents in his filings that he believed counsel resolved this issue (Dkt. No. 30, at 10).  The Court has no further information with respect to this clarification; as a result, the Court sustains BNSF's objection to the phrase as written.

The rules that govern discovery under the Federal Rules of Civil Procedure are different from the rules that govern admissibility of evidence under the Federal Rules of Evidence, so any objection BNSF lodges to Topic 6 based on a claim that it seeks information regarding incidents or claims that lack the requisite "similar similarity" with respect to the facts of this accident is overruled at this point in discovery subject to BNSF's ability to reassert such an objection if and when Mr. Smith or any other party seeks to introduce as evidence such information or documents. (Dkt. No. 26-1, at 11).

BNSF claims work product or attorney-client privilege over certain matters, but the Court is not aware of any privilege log produced by BNSF in this litigation.  To the extent BNSF asserts work product or attorney-client privilege as a basis for refusing to produce otherwise responsive documents, the Court directs BNSF to produce a privilege log.

To the extent BNSF has concerns regarding violating other employee's privacy rights by responding to this request, the Court directs the parties to meet and confer with respect to the terms

of a protective order to address these concerns.  If the parties are unable to agree, the parties may move the Court to enter such an Order.

**Topic 7**

At this stage, the Court overrules BNSF's objection as to the period of three years prior to the incident through the date of the incident.  Although BNSF lodges a proportionality objection, at this stage, the Court overrules any proportionality objection with respect to responding to this time period because BNSF has put forth no information or record evidence to assist the Court in making a determination regarding proportionality, including but not limited to information or evidence with respect to the cost in dollars and time of responding to such a request.

To the extent BNSF objects to producing relevant information and documents for the period immediately following the incident to the present, the Court overrules BNSF's objection for the reasons explained in this Court's Order with respect to subsequent remedial measures and conditions. At this stage, the Court overrules any proportionality objection with respect to responding to this time period because BNSF has put forth no information or record evidence to assist the Court in making a determination regarding proportionality, including but not limited to information or evidence with respect to the cost in dollars and time of responding to such a request.

The Court sustains BNSF's objection to the phrase "and/or related equipment" as unduly vague.  The Court notes that there is correspondence before the Court in which counsel for Mr. Smith communicates with counsel for BNSF:  "[p]er our discussion, we clarified what the term 'related equipment' means.  Accordingly, you have agreed to supplement with answers/responses to the matters. . . ." (Dkt. No. 23-3, at 5).  Further, Mr. Smith represents in his filings that he believed counsel resolved this issue (Dkt. No. 30, at 10).  The Court has no further information

with respect to this clarification; as a result, the Court sustains BNSF's objection to the phrase as written.

To the extent BNSF has concerns regarding violating other employee's privacy rights by responding to this request, the Court directs the parties to meet and confer with respect to the terms of a protective order to address these concerns. If the parties are unable to agree, the parties may move the Court to enter such an Order.

### Topic 8

The Court sustains BNSF's objection to the phrase "and/or related equipment" as unduly vague. The Court notes that there is correspondence before the Court in which counsel for Mr. Smith communicates with counsel for BNSF: "[p]er our discussion, we clarified what the term 'related equipment' means. Accordingly, you have agreed to supplement with answers/responses to the matters. . . ." (Dkt. No. 23-3, at 5). Further, Mr. Smith represents in his filings that he believed counsel resolved this issue (Dkt. No. 30, at 10). The Court has no further information with respect to this clarification; as a result, the Court sustains BNSF's objection to the phrase as written.

### Topic 9

The Court overrules BNSF's objection for the reasons explained in this Court's Order with respect to subsequent remedial measures and conditions. At this stage, the Court overrules any proportionality objection with respect to responding to this time period because BNSF has put forth no information or record evidence to assist the Court in making a determination regarding proportionality, including but not limited to information or evidence with respect to the cost in dollars and time of responding to such a request.

## Topic 12

The Court sustains BNSF's objection to the phrase "and/or related equipment" as unduly vague.  The Court notes that there is correspondence before the Court in which counsel for Mr. Smith communicates with counsel for BNSF:  "[p]er our discussion, we clarified what the term 'related equipment' means.  Accordingly, you have agreed to supplement with answers/responses to the matters. . . ." (Dkt. No. 23-3, at 5).  Further, Mr. Smith represents in his filings that he believed counsel resolved this issue (Dkt. No. 30, at 10).  The Court has no further information with respect to this clarification; as a result, the Court sustains BNSF's objection to the phrase as written.

The Court sustains BNSF's objection that the request is overly broad and limits to the request to Mr. Smith's "own craft, transportation or TY&E." (Dkt. No. 26-1, at 13).  Mr. Smith has made no showing or argument as to why the Court should not make this limitation under Federal Rule of Civil Procedure 26.

## Topic 15

The Court sustains BNSF's objection to the phrase "and/or related equipment" as unduly vague.  The Court notes that there is correspondence before the Court in which counsel for Mr. Smith communicates with counsel for BNSF:  "[p]er our discussion, we clarified what the term 'related equipment' means.  Accordingly, you have agreed to supplement with answers/responses to the matters. . . ." (Dkt. No. 23-3, at 5).  Further, Mr. Smith represents in his filings that he believed counsel resolved this issue (Dkt. No. 30, at 10).  The Court has no further information with respect to this clarification; as a result, the Court sustains BNSF's objection to the phrase as written.

To the extent BNSF objects to producing relevant information and documents for the period of one year after the incident, the Court overrules BNSF's objection for the reasons explained in this Court's Order with respect to subsequent remedial measures and conditions. At this stage, the Court overrules any proportionality objection with respect to responding to this time period because BNSF has put forth no information or record evidence to assist the Court in making a determination regarding proportionality, including but not limited to information or evidence with respect to the cost in dollars and time of responding to such a request.

**Topic 18**

Topic 18 seeks information and documents regarding engineers, but Mr. Smith was a conductor.  In response to BNSF's objection, Mr. Smith has agreed to revise Topic 18 to seek information and documents regarding conductors (Dkt. No. 30, at 10).  To the extent BNSF maintains its objections or asserts new objections to revised Topic 18 that are not able to be resolved among counsel for the parties, Mr. Smith or BNSF may file a motion with the Court raising such issues.

**IV.    Sanctions**

The Court denies any request for sanctions with respect to discovery matters to date.

So ordered this the 19th day of September, 2019.

Kristine G. Baker
United States District Judge