UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHARLES R. SMITH,

    Plaintiff,

v.

    Case No: 3:18-CV-00058

BNSF RAILWAY COMPANY,

    Defendant.

## Protective Order

Before the Court is a Joint Motion for Protective Order. Upon consideration, the Court finds that the motion should be and hereby is GRANTED. The Court enters the following Protective Order as proposed by the parties:

The parties and/or third parties have information to disclose which may require protection due to its confidential or proprietary nature. Accordingly, the parties agree:

**1. Scope.** All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, documents produced pursuant to subpoenas, and other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

**2. Form and Timing of Designation.** A party or subpoenaed third-party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated CONFIDENTIAL prior to or at the time
EXHIBIT 1

of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3. Documents Which May be Designated.** Any party may designate documents as CONFIDENTIAL upon making a determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, proprietary, or such other sensitive commercial information that is not publicly available.

**4. Protection of Confidential Material.**

    **a. General Protections.** Documents designated CONFIDENTIAL – under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 4(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    **b. Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (i)–(v). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

        i. **Counsel.** Counsel (or the parties and employees and agents of counsel) who have responsibility for the preparation and trial of the action;

        ii. **Parties.** Parties and employees of a party to this Order.

        iii. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    iv. **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

    v. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  c. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

  d. **Copies.** Before production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as ("copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided that these indices, electronic databases or lists do not

contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

   e. **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be governed by the applicable rules of civil procedure, but a party may designate such documents as Confidential as soon as it realizes the inadvertent disclosure.

5. **Filing of CONFIDENTIAL Documents Under Seal.** Before any document designated as CONFIDENTIAL is filed with the Court, the party wishing to file the document shall request that the document be filed under seal. It shall be within the sole discretion of the Court to determine whether said document may be filed under seal.

6. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

7. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion under the applicable rules of procedure and local rules of the Court and any other procedures set forth in the presiding judge's standing orders or other relevant orders.

8. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party

shall provide advance notice to the other party identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

9. **Obligations on Conclusion of Litigation.** Unless otherwise agreed, this Order shall remain in force after dismissal or entry of judgment not subject to further appeal.

10. **Persons Bound.** This Order shall take effect when signed by the Court and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED

January 27, 2020
Date

Kristine G. Baker
United States District Judge